1  LAURA A. STOLL (SBN 255023)
   *lstoll@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 S Figueroa Street, 41st Floor
3  Los Angeles, California  90017
   Tel.: +1 213 426 2500
4  Fax.: +1 213 623 1673

5  Attorneys for Defendant
   CLEAR FINANANCE TECHNOLOGY
6  CORPORATION

7

8

9

10

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

| | |
|---|---|
| 14  STILLWATER DESIGN, INC., a<br>California corporation, on behalf of<br>15  itself and all others similarly situated, | Case No.: 2:19-cv-00251 CJC (PJWx) |
| 16         Plaintiff, | **DEFENDANT'S MEMORANDUM<br>OF POINTS AND AUTHORITIES IN<br>SUPPORT OF ITS MOTION TO<br>DISMISS PLAINTIFF'S<br>COMPLAINT** |
| 17      v. | |
| 18  CLEAR FINANCE TECHNOLOGY<br>CORPORATION, a Canadian<br>19  corporation, and DOES 1 through 25,<br>inclusive, | Date: March 18, 2019<br>Time: 1:30 p.m.<br>Courtroom: 7C<br>Judge: Hon. Cormac J. Carney |
| 20 | |
| 21         Defendant. | Filed Concurrently with:<br>1.  Notice of Motion to Dismiss<br>2.  Declaration of Andrew D'Souza<br>3.  Proposed Order |
| 22 | |
| 23 | |

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

BACKGROUND .................................................................................................2

LEGAL STANDARDS ........................................................................................3
     A.     Federal Rule of Civil Procedure 12(b)(6) .............................3
     B.     Federal Rule of Civil Procedure 12(b)(2) .............................4

ARGUMENT .......................................................................................................5
     A.     PLAINTIFF DOES NOT HAVE STANDING TO SUE. ....................5
     B.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. ...........................................................9
          1.     There is No General Jurisdiction Over Defendant. .................10
          2.     There is No Specific Jurisdiction Over Defendant. ..................11

CONCLUSION .................................................................................................15

MOTION TO DISMISS; MPA IN SUPPORT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,

5

    1 F.3d 848 (9th Cir. 1993) ..................................................................... 15

6

*Ashcroft v. Iqbal*,

7

    556 U.S. 662 (2009) ........................................................................... 7

8

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

9

    223 F.3d 1082 (9th Cir. 2000) ............................................................. 10

10

*Bell Atl. Corp. v. Twombly*,

11

    550 U.S. 544 (2007) ................................................................... 3, 4, 7

12

*Burger King Corp. v. Rudzewicz*,

    471 U.S. 462 (1985) ........................................................................... 12

13

*Calderon v. Wells Fargo Bank, N.A.*,

14

    2012 WL 13012953 (C.D. Cal. Mar. 5, 2012) ..................................... 6

15

*Cazares v. Household Fin. Corp.*,

16

    2005 WL 6418178 (C.D. Cal. July 26, 2005) .................................. 1, 6

17

*Chavez v. Wal-Mart Stores, Inc.*,

18

    2014 WL 12591252 (C.D. Cal. June 2, 2014) .................................. 5, 8

19

*Coast Equities, LLC v. Right Buy Props., LLC*,

20

    701 F. App'x 611 (9th Cir. 2017) ....................................................... 13

21

*CollegeSource, Inc. v. AcademyOne, Inc.*,

22

    653 F.3d 1066 (9th Cir. 2011) ............................................................. 10

23

*Daimler AG v. Bauman*,

    571 U.S. 117 (2014) ........................................................................... 10

24

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,

25

    557 F.2d 1280 (9th Cir. 1977) ............................................................... 4

26

*De La Torre v. CashCall, Inc.*,

27

    854 F.3d 1082 (9th Cir. 2017) ............................................................... 6

28

*Doe v. Am. Nat'l Red Cross*,

    112 F.3d 1048 (9th Cir. 1997) ................................................. 4, 10, 14

ii

*Doe v. Unocal Corp.*,
   248 F. 3d 915 (9th Cir. 2001) ............................................................... 12

*Dubbs v. Glenmark Generics Ltd.*,
   2014 WL 1878906 (C.D. Cal. May 9, 2014) ........................................... 8

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
   895 F.3d 1166 (9th Cir. 2018) ................................................................ 5

*In re Dynamic Random Access Memory (Dram)*,
   2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) ......................................... 15

*Fumoto Giken Co. v. Mistuoka*,
   2015 WL 12766167 (C.D. Cal. Apr. 16, 2015) ...................................... 13

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................ 2

*Jamison v. Bank of Am., N.A.*,
   2017 WL 3394120 (E.D. Cal. Aug. 8, 2017) ........................................... 5

*L.A. Printex Indus., Inc. v. LA Senza, Inc*,
   2009 WL 10674881 (C.D. Cal. Mar. 13, 2009) ..................................... 11

*LegalForce RAPC Worldwide P.C. v. Swyers*,
   2018 WL 3439371 (N.D. Cal. July 17, 2018) ........................................ 12

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ................................................................ 5

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) ...................................................... 4, 12, 14

*Lyons v. Coxcom, Inc.*,
   2009 WL 347285 (S.D. Cal. Feb. 6, 2009) .............................................. 9

*Mavrix Photo, Inc. v. Moguldom Media Grp. LLC*,
   2011 WL 1134187 (C.D. Cal. Mar. 28, 2011) ....................................... 14

*In re Myford Touch Consumer Litig.*,
   2016 WL 7734558 (N.D. Cal. Sept. 14, 2016) ........................................ 8

*Navigators Specialty Ins. Co. v. Kapiolani Residential, LLC*,
   2018 WL 1426608 (N.D. Cal. Mar. 22, 2018) ...................................... 13

MOTION TO DISMISS; MPA IN SUPPORT

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)..................................................................................4, 5

*Overhill Farms Inc. v. W. Liberty Foods LLC*,
   2014 WL 4180920 (C.D. Cal. Aug. 21, 2014) ......................................11

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ..............................................................4

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ..............................................................12

*Pietzak v. Microsoft Corp.*,
   2015 WL 7888408 (C.D. Cal. Nov. 17, 2015) ......................................7

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580 (9th Cir. 1993) ................................................................15

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) ................................................................15

*Rubio v. Capital One Bank*,
   613 F.3d 1195 (9th Cir. 2010) ..............................................................6

*S.H. Silver Co. Inc. v. David Morris Int'l*,
   2008 WL 4058364 (N.D. Cal. Aug. 28, 2008) ....................................15

*Saloff v. Giampapa*,
   2015 WL 13273305 (C.D. Cal. July 22, 2015) ....................................13

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..........................................................11, 12

*Sullivan v. Ford Motor Co.*,
   2016 WL 6520174 (N.D. Cal. Nov. 3, 2016) ......................................10

*W.H.P.M., Inc. v. Immunostics, Inc.*,
   2016 WL 11002548 (C.D. Cal. Oct. 4, 2016) ......................................14

*Walden v. Fiore*,
   571 U.S. 277 (2014)..............................................................................12

*Weisbuch v. Cty. of Los Angeles*,
   119 F.3d 778 (9th Cir. 1997) ................................................................4

*Woods v. U.S. Bank N.A.*,
   831 F.3d 1159 (9th Cir. 2016) ........................................................................4


**California Cases**

*Alborzian v. JPMorgan Chase Bank, N.A.*,
   235 Cal. App. 4th 29 (2015) .........................................................................8

*Balsam v. Trancos, Inc.*,
   203 Cal. App. 4th 1083 (2012) ....................................................................7

*Barnes v. Hartman*,
   246 Cal. App. 2d 215 (1966) .......................................................................9

*Bisno v. Kahn*,
   225 Cal. App. 4th 1087 (2014) ....................................................................9

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ..................................................................1, 8

*Meyer v. Sprint Spectrum L.P.*,
   45 Cal. 4th 634 (2009) ..........................................................................1, 6, 8

*Roes v. Wong*,
   69 Cal. App. 4th 375 (1999) ....................................................................2, 9


**California Statutes**

Bus. & Prof. Code § 17200, *et seq.* ...........................................................1, 3, 6

Cal. Civ. Code § 1750, *et seq.* .....................................................................*passim*

Cal. Civ. Code § 1761(a) ...............................................................................9

Cal. Civ. Code § 1761(b) ...............................................................................9

Cal. Civ. Code § 1761(d) ...............................................................................8

Cal. Civ. Code § 1770(a) .............................................................................1, 8

Cal. Civ. Code § 1780(a) .............................................................................1, 9

Cal. Civ. Code § 1782(a) ...............................................................................9

v

Cal. Civ. Proc. Code § 410.10 ........................................................... 4

Cal. Fin. Code § 1761(d) ................................................................... 1

Cal. Fin. Code § 22000, *et seq.* ..................................................... 1, 3

Cal. Fin. Code § 22712 ...................................................................... 6

Cal. Fin. Code § 22713 .................................................................. 1, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................... 5

Fed. R. Civ. P. 12(b)(2) .................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITES

## INTRODUCTION

Plaintiff Stillwater Design, Inc.'s ("Plaintiff") claims are premised on the allegation that Defendant Clear Finance Technology Corporation ("Defendant") solicits and enters into merchant cash advance agreements that are actually "loans" with deceptively high interest rates.  Conspicuously absent from the Complaint ("Complaint" or "Compl."), however, is any allegation that Plaintiff entered into a merchant cash advance agreement with Defendant.  Plaintiff's claims are not only meritless, but its failure to allege any cognizable injury justifies the dismissal of the Complaint with prejudice.

Indeed, the factual allegations in the Complaint fail to establish standing to assert any of the causes of action pled for at least the following reasons:

- Plaintiff cannot assert a claim for unlicensed lending under the California Financial Code ("Code") (Count I) because the Code does not include a private right of action.  *See* Cal. Fin. Code § 22713; *Cazares v. Household Fin. Corp.*, 2005 WL 6418178, *12 (C.D. Cal. July 26, 2005).

- Plaintiff lacks standing to sue under California's Unfair Competition Law (Count II) because it has not plausibly alleged any injury in fact or the requisite loss of "money or property" caused by Defendant.  *See* Cal. Bus. & Prof. Code § 17204; *Hall v. Time, Inc*., 158 Cal. App. 4th 847, 853-54 (2008).

- Plaintiff lacks standing to pursue claims under the California Consumers Legal Remedies Act ("CLRA") (Count III) both because it has not plausibly alleged any damages (*see* Cal. Civ. Code § 1780(a); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009)) and because it is not a "consumer" as defined by the CLRA (*see* Cal. Civ. Code §§ 1770(a), 1761(d)).

- Finally**,** Plaintiff is not a borrower and therefore has no standing to assert a claim for violation of California's usury laws (Count IV). *See Roes v. Wong*, 69 Cal. App. 4th 375, 379 (1999).

Even apart from the issue of standing, the Complaint should be dismissed for lack of personal jurisdiction. As Plaintiff acknowledges, Defendant is a "resident of Canada operating under the Canada Business Corporations Act, with its principle [sic] place of business . . . [in] Canada." Compl. ¶ 3. "[T]raditional notions of fair play and substantial justice" do not support the assertion of jurisdiction over a foreign entity such as Defendant based on the facts alleged in the Complaint. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff's allegations that Defendant unsuccessfully solicited it for business in a single e-mail and telephone call are not sufficient to hale Defendant into California court to answer these claims.

### BACKGROUND[1]

Plaintiff alleges that Defendant solicits and enters into agreements with "consumers and/or small business[es]" for merchant cash advances. Compl. ¶ 25. Plaintiff incorrectly contends that the merchant cash advances are actually "loans" subject to state licensing and usury requirements. *Id.* ¶¶ 25, 27. But the Complaint does not (and cannot) allege that *Plaintiff* entered into any such agreement with Defendant. As to "facts specifically relating to Plaintiff" (*id.* at 10), Plaintiff alleges only that: (1) Defendant sent an e-mail to Plaintiff around August 20, 2018 expressing an interest in investing in Plaintiff's business; (2) Plaintiff had a telephone call with Defendant the next day; and (3) during the call, Defendant solicited Plaintiff to accept an investment, requested information about Plaintiff's business,[2] and stated that the investment would be in the form of a merchant cash advance with an amount and repayment terms that would depend on Plaintiff's revenue. *Id.* ¶¶ 32-35.

---

[1] For the purposes of this Motion only, Defendant assumes all factual allegations in the Complaint are true, but reserves the right to challenge the accuracy of any and all of Plaintiff's factual allegations at a later time in the event that the Complaint is not dismissed.

[2] There is no allegation that Plaintiff provided any of this information to Defendant.

Although Plaintiff never pursued a merchant cash advance, it filed this putative class action asserting claims for: (1) Violations of California Financial Code § 22000, *et seq.*; (2) Violations of the California Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*) ("UCL"); (3) Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784, *et seq.*; and (4) Violations of California Usury Laws, Compl. ¶¶ 37-68, on behalf of a putative class consisting of "[a]ll persons who were solicited, offered to purchase, purchased, received monies from, or otherwise engaged in accepting an 'investment', loan, cash advance, or monies from the Defendant." *Id.* ¶ 12. The Complaint also proposes three putative subclasses: (1) "The CLRA Subclass," consisting of all class members who are "consumers" within the definition of the CLRA (Compl. ¶ 13); (2) "The Consumer Loan Subclass," consisting of all class members who were solicited, offered, accepted, received, and/or repaid or are in the act of repaying a "consumer loan" from Defendant within the definition of the California Financial Code (Compl. ¶ 14); and (3) "The Commercial Loan Subclass," consisting of all class members who were solicited, offered, accepted, received, and/or repaid or are in the act of repaying a "commercial loan" from Defendant within the definition of the California Financial Code (Compl. ¶ 15). Notably, even accepting all allegations in the Complaint as true, Plaintiff is not a member of the first two subclasses.

## LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

A complaint, or any cause of action alleged therein, must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint that contains mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To pass muster, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation omitted).

Even where facts are accepted as true, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on [her] . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted). Where a complaint lacks facts sufficient to support a "cognizable legal theory," it must be dismissed. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). Moreover, a plaintiff must demonstrate standing in its own right. It cannot rely on allegations regarding putative class members to survive a motion to dismiss its individual claims. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).[3]

## B.   Federal Rule of Civil Procedure 12(b)(2)

On a challenge to personal jurisdiction, "[t]he plaintiff bears the burden of proving that jurisdiction is appropriate." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To satisfy its burden, the plaintiff must show both that personal jurisdiction "is permitted by a long-arm statute" and that "the exercise of . . . jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).[4] Plaintiff's conclusory allegations—that "[Defendant], while not authorized to do business in California, ha[s] sufficient minimum contacts with California and/or ha[s] intentionally availed [itself] of the

---

[3] Notwithstanding the focus of this Motion on the named Plaintiff's claims, Defendant does not waive any merits or class defenses as to the claims of absent class members. Those defenses, including the arbitration, choice of law, and class action waiver provisions in Defendant's agreements, only serve to demonstrate that the class and subclasses alleged cannot be certified because, among other reasons, Plaintiff is neither a typical nor an adequate class representative.

[4] California's long-arm statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States . . . ." Cal. Civ. Proc. Code § 410.10. Accordingly, "the statutory limitations upon jurisdiction are 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). Due process is satisfied only when "nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Int'l Shoe Co.*, 326 U.S. at 316).

markets in California through the promotion, marketing, and sale of [its] products and services in California, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice" (Compl. ¶ 7)—are insufficient to establish either general or specific personal jurisdiction in this Court.

## ARGUMENT

### A.   PLAINTIFF DOES NOT HAVE STANDING TO SUE.

Plaintiff's Complaint should be dismissed in its entirety because Plaintiff lacks statutory standing to bring any of its claims.[5]  The fact that Plaintiff has filed its Complaint as a putative class action does not obviate its burden to plead standing to pursue all causes of action asserted.  *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, *4 (C.D. Cal. June 2, 2014) ("[T]he fundamental rule [is] that '[i]n a class action suit with multiple claims, [the] named class representative must have standing with respect to each claim.'") (citing Newberg on Class Actions § 2:5 (5th ed.)). Rather than do so, however, Plaintiff appears to be content to rely on injuries alleged to absent class members.  But it is axiomatic that a named plaintiff cannot rely on standing of absent class members to pursue a case.  *Id*. ("Before Plaintiff can represent any class members, she must first state a claim on her own behalf."); *O'Shea*, 414 U.S. at 494.  Nor can a named Plaintiff promise to cure standing deficiencies by adding class representatives with standing later in the litigation.  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (putative class action could not continue with a substitute representative where named plaintiff lacked standing to assert claims against defendant in the first place); *Jamison v. Bank of Am., N.A.*, 2017 WL 3394120, *6-7 (E.D. Cal. Aug. 8, 2017) ("Where a plaintiff 'never had standing,' substitution of another representative cannot cure the defect").  As

---

[5] For the same reasons discussed herein, Plaintiff's Complaint is also subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of Article III standing because Plaintiff does not allege an injury in fact, *i.e.*, an injury that is "'real' and 'not abstract' or 'purely procedural.'"  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016)).

1   demonstrated below, Plaintiff does not satisfy the statutory requirements for standing
2   with respect to any of its claims.

3        First, Plaintiff does not have standing to assert a claim under the California
4   Financial Code (Count I).  Plaintiff alleges that Defendant's merchant cash advances
5   violate the Code because they are actually loans and Defendant does not have a
6   license to conduct a lending business in California.  Compl. ¶ 23.  But, by its clear
7   terms, the California Financial Code only can be enforced by the California
8   Commissioner of Corporations or the California Attorney General.  *See, e.g.*, Cal. Fin.
9   Code §§ 22712, 22713; *see also De La Torre v. CashCall, Inc.*, 854 F.3d 1082, 1085
10  (9th Cir. 2017) ("The [Code] does not create a private right of action.").  Because the
11  Code "only provides for government enforcement," Count I must be dismissed with
12  prejudice.  *Cazares*, 2005 WL 6418178, at *12 (dismissing California Financial Code
13  claim brought by private plaintiffs); *see also Calderon v. Wells Fargo Bank, N.A.*,
14  2012 WL 13012953, *8 (C.D. Cal. Mar. 5, 2012) (dismissing claim under the
15  California Financial Code with prejudice).

16       Second, Plaintiff lacks standing under both the CLRA (Count III) and the UCL
17  (Count II) because the Complaint is devoid of any factual allegation that could
18  constitute an injury sufficient to establish standing under either statute.  Under the
19  CLRA, "not only must a consumer be exposed to an unlawful practice, but some kind
20  of damage must result."  *Meyer*, 45 Cal. 4th at 641 (citing Cal. Civ. Code § 1780(a)).
21  Likewise, the UCL requires that any plaintiff who brings a UCL claim "has suffered
22  injury in fact and has lost money or property as a result of the unfair competition."
23  Cal. Bus. & Prof. Code § 17204; *see also Rubio v. Capital One Bank*, 613 F.3d 1195,
24  1203-04 (9th Cir. 2010) (UCL's standing requirement requires a plaintiff to "show
25  that she has lost 'money or property' sufficient to constitute an 'injury in fact' under
26  Article III of the Constitution, and also requires a 'causal connection' between [the
27  defendant's] alleged UCL violation and her injury in fact") (citations omitted).
28

1    But Plaintiff has not (and cannot) allege any plausible facts establishing

2 damages.  The *only* alleged interactions between Plaintiff and Defendant are a single

3 e-mail that Defendant sent to Plaintiff expressing an interest in investing in Plaintiff's

4 business and one telephone call to discuss a proposed investment that never occurred.

5 Compl. ¶¶ 32-33.  Plaintiff does not allege that it had any involvement with Defendant

6 after the call, and the Complaint is clear that Plaintiff never actually applied for or

7 entered into a merchant cash advance agreement—or any other agreement—with

8 Defendant.

9    It is therefore unsurprising that Plaintiff does not even attempt to allege any

10 *facts* establishing how Defendant's conduct caused Plaintiff any injury, and instead

11 relies on two conclusory allegations that Plaintiff has been "harmed" by Defendant.

12 *Id.* ¶ 47 (as to UCL claim, Plaintiff alleges, "Upon information and belief, Plaintiff's

13 harm and damage caused by Defendant's conduct outweighs any benefits that the

14 conduct may have given to Defendant."); *id.* ¶ 54 (as to CLRA claim, Plaintiff alleges,

15 "By reason of the foregoing, Plaintiff has been irreparably harmed entitling it to

16 injunctive relief.").  These allegations are nothing more than conclusions unadorned

17 with the requisite factual support that the Supreme Court has held is necessary at the

18 pleadings stage.  *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

19 (2009).  And, more fundamentally, they are entirely implausible given that Plaintiff

20 never entered into a merchant cash advance agreement.  *See Balsam v. Trancos*, *Inc.*,

21 203 Cal. App. 4th 1083, 1107 (2012), *as modified on denial of reh'g* (Mar. 21, 2012)

22 (a plaintiff who does not seek or acquire any good or service from a defendant under

23 the CLRA is "in no position to allege damage as a result of the defendant's unlawful

24 practice."); *Pietzak v. Microsoft Corp.*, 2015 WL 7888408, *2 (C.D. Cal. Nov. 17,

25 2015) (dismissing UCL claim where plaintiff's "general and vague allegations" that

26 defendant caused financial loss and injury were "conclusory" and "insufficient to

27 allege an injury in fact").

28

7

1   Because Plaintiff fails to plausibly allege any injury resulting from Defendant's

2   conduct, Plaintiff does not have standing under the CLRA or the UCL.  *See Meyer*, 45

3   Cal. 4th at 641 (no standing under CLRA where plaintiff failed to plausibly allege

4   injury caused by defendant); *Hall*, 158 Cal. App. 4th at 853-54 (no standing under

5   UCL where plaintiff failed to plausibly allege lost money or property caused by

6   defendant).

7   Plaintiff also lacks standing to pursue its CLRA claim for the independent

8   reason that it does not allege that it is a "consumer," as defined by the CLRA.[6]  The

9   CLRA prohibits unfair and deceptive acts and practices in connection with the sale or

10   lease of goods or services to a "consumer."  Cal. Civ. Code § 1770(a).  Under the

11   CLRA, a "consumer" is: (i) "an individual;" (ii) "who seeks or acquires, by purchase

12   or lease;" (iii) "any goods or services for personal, family, or household purposes."

13   Cal. Civ. Code § 1761(d).  But, Plaintiff correctly alleges that it is a corporation

14   (Compl. ¶ 1), not an "individual."  *See, e.g., In re Myford Touch Consumer Litig.*,

15   2016 WL 7734558, *24 (N.D. Cal. Sept. 14, 2016) (CLRA "does not apply where the

16   [plaintiff] is an entity rather than an individual").  Nor does the Complaint allege that

17   Plaintiff "s[ought] or acquire[d]" anything from Defendant, never mind by purchase or

18   lease.  *See Dubbs v. Glenmark Generics Ltd.*, 2014 WL 1878906, *7 (C.D. Cal. May

19   9, 2014) (dismissing CLRA claim where there was no allegation that plaintiff acquired

20   or attempted to acquire anything from defendant); *see also Alborzian v. JPMorgan

21   Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015) (a loan[7] is not a good or a service).

22   Finally, there is no allegation that Plaintiff obtained anything for "personal, family, or

23   

24   [6] Plaintiff alleges only that the CLRA subclass consists of "all [class] members who
are 'consumers' [under the CLRA]."  Compl. ¶ 13.  But, as noted above, the named
plaintiff itself must have standing and cannot rely on the standing of absent class

25   members.  *Chavez,* 2014 WL 12591252, at *4.

26   [7] Defendant denies that its merchant cash advance agreements are "loans," but taking
Plaintiff's allegations as true for purposes of this Motion, loans do not qualify as

27   goods or services.  "Goods" are defined as "tangible chattels bought or leased for use
primarily for personal, family, or household purposes," and "services" are "work,

28   labor, and services for other than a commercial or business use."  Cal. Civ. Code
§§ 1761(a)-(b).

1  household purposes." *See Lyons v. Coxcom, Inc.*, 2009 WL 347285, *4 (S.D. Cal.

2  Feb. 6, 2009), *vacated on other grounds*, 718 F. Supp. 2d 1232 (S.D. Cal. 2009).[8]

3  Plaintiff's CLRA claim should be dismissed with prejudice.

4      <u>Finally</u>, Plaintiff lacks standing to assert a claim under California's usury laws

5  because, even if Defendant's merchant cash advance agreements are loans (which

6  Defendant disputes), only a "borrower" has standing to assert usury claims.  *Bisno v.*

7  *Kahn*, 225 Cal. App. 4th 1087, 1102-03 (2014), *as modified on denial of reh'g* (May

8  23, 2014) ("a party must clearly come within the definitive edict of the constitutional

9  provision of a 'borrower' to pursue a usury claim").  A "borrower" is a person who

10  "receiv[es] the proceeds or benefits of a loan or who receives a loan of money usually

11  made at his request and for his benefit upon an express or implied agreement to repay

12  the loaned sum, with or without interest."  *Barnes v. Hartman*, 246 Cal. App. 2d 215,

13  220 (1966); *accord Bisno*, 225 Cal. App. 4th at 1103 ("[A] borrower takes or receives

14  something of value, such as money, with the intention of returning it later.").  The

15  Complaint does not allege any facts that would make Plaintiff a "borrower."

16  Accordingly, Plaintiff's usury claim should be dismissed.  *See Roes*, 69 Cal. App. 4th

17  at 379.

18      **B.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF**

19          **PERSONAL JURISDICTION.**

20      The Court need look no further than Plaintiff's lack of standing to dismiss this

21  case with prejudice, but the Complaint fails to establish personal jurisdiction as well.

22  "A court's exercise of personal jurisdiction over a nonresident defendant may be

23  either general or specific."  *Am. Nat'l Red Cross*, 112 F.3d at 1050.  Notwithstanding

24  Plaintiff's conclusory allegations (*see* Compl. ¶ 7), Plaintiff's *factual* allegations—that

25  a Canadian corporation sent a single e-mail to, and had a single telephone call with,

26

27  [8] Plaintiff seeks civil penalties under the CLRA.  Compl. at 18.  While Defendant
   disputes that civil penalties are available under the CLRA (*see* Cal. Civ. Code
28  § 1780(a)), to the extent this is a request for actual damages, Plaintiff failed to notify
   Defendant in writing of the alleged CLRA violation and demand that Defendant
   correct it at least thirty days before initiating the action.  Cal. Civ. Code § 1782(a).

9

Plaintiff about a potential business arrangement that was never consummated—fall far short of the requisite contacts required to hale Defendant into California courts to adjudicate this claim.

### 1. There is No General Jurisdiction Over Defendant.

Plaintiff cannot meet its burden to establish general jurisdiction over Defendant. "The standard for general jurisdiction is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *See CollegeSource, Inc. v. AcademyOne*, *Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (internal quotation marks omitted). The exertion of general jurisdiction over a foreign corporation requires substantially more than a showing that "a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" *Daimler AG v. Bauman,* 571 U.S. 117, 139 (2014) (internal citations omitted). Rather, general jurisdiction over a foreign corporation accords with due process only if "that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (recognizing that, to establish general jurisdiction, contacts with the forum must be so substantial as to "approximate physical presence").

Courts in the Ninth Circuit have refused to find general jurisdiction over nonresident defendants even where significant contacts existed within the forum. *See Sullivan v. Ford Motor Co.*, 2016 WL 6520174, *2 (N.D. Cal. Nov. 3, 2016) (no general jurisdiction where defendant had "business offices, including a regional headquarters in [California]; a Research and Innovation Center in [California]; active marketing of its vehicles for sale in California, [and] over 200,000 [ ] vehicles sold in California"; these "contacts . . . cannot make [defendant] 'at home' in California"); *Overhill Farms Inc. v. W. Liberty Foods LLC*, 2014 WL 4180920, *4 (C.D. Cal. Aug.

21, 2014) (no general jurisdiction over corporation that is "registered to do business in California, has designated an agent for service of process in California, solicits business from California residents, and makes substantial sales from delivering products to California residents" but has no offices, employees, or real estate in California). Here, by contrast, Defendant does not even have minimal contacts with California—it is headquartered in Canada and organized under the laws of Canada; it is not registered to do business in California, and has no employees or registered agent for service of process in California. Declaration of Andrew D'Souza ("D'Souza Decl.") ¶¶ 2-6. These contacts are simply insufficient to establish general jurisdiction over Defendant in this Court. *See L.A. Printex Indus., Inc. v. LA Senza, Inc*, 2009 WL 10674881, *2 (C.D. Cal. Mar. 13, 2009) (no general jurisdiction over corporation with no office, facility, employees, or property in California).

## 2.   There is No Specific Jurisdiction Over Defendant.

Plaintiff also cannot meet its burden to establish specific jurisdiction. Specific jurisdiction exists only if the Plaintiff's claims are based on the Defendant's purposeful contacts with the forum. Thus, the focus of the specific jurisdiction analysis is on the transaction alleged between the plaintiff and the defendant. To be subject to specific jurisdiction: (i) the defendant must purposefully direct its activities or consummate some transaction within the forum, or purposefully avail itself of the benefits afforded by the forum's laws; (ii) the claim must arise out of or relate to the defendant's contacts with the forum; *and* (iii) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs. *Id*.

Plaintiff has not met its burden to show that Defendant had contacts with California sufficient to constitute either purposeful availment or purposeful direction. Purposeful availment requires the performance of "some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Doe v.*

11

1    *Unocal Corp.*, 248 F. 3d 915, 924 (9th Cir. 2001), *abrogated on other grounds by*

2    *Daimler*, 571 U.S. at 134-35.  Executing or performing a "contract alone does not

3    automatically establish minimum contacts in the plaintiff's home forum."  *Picot v.*

4    *Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quotation marks omitted).  Instead,

5    there must be "actions by the defendant *himself* that create a 'substantial connection'

6    with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)

7    (internal citations omitted; emphasis in original), thus "invoking the benefits and

8    protections of its laws," *Schwarzenegger*, 374 F.3d at 802.

9         Purposeful direction applies an "effects" test as to whether the Defendant

10   committed an intentional act that was expressly aimed at the forum state and caused

11   harm that the defendant knew was likely to be suffered in the forum state.  *Love*, 611

12   F.3d at 609.  "[M]ere injury to a forum resident is not a sufficient connection to the

13   forum and the "plaintiff cannot be the only link between the defendant and the

14   forum."  *Walden v. Fiore*, 571 U.S. 277, 278, 290 (2014).  Rather, Plaintiff must

15   establish that conduct was "expressly aimed" at California.  *Id.* at 288 n.7.

16        Plaintiff's conclusory allegations that Defendant has "sufficient minimum

17   contacts with California, and/or ha[s] otherwise intentionally availed themselves [sic]

18   of the markets in California through the promotion, marketing, and sale of their [sic]

19   products" are insufficient to satisfy these standards.  Compl. ¶ 7; *see also LegalForce*

20   *RAPC Worldwide P.C. v. Swyers*, 2018 WL 3439371, *4 (N.D. Cal. July 17, 2018)

21   (allegation that defendants "purposefully directed their advertisements or promotions

22   at consumers in California" is "insufficient as a matter of law to support a finding of

23   specific jurisdiction, as 'mere "bare bones" assertions of minimum contacts with the

24   forum or legal conclusions unsupported by specific factual allegations will not satisfy

25   a plaintiff's pleading burden'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 766

26   (9th Cir. 2007)).  As discussed above, Plaintiff does not allege that it participated in

27   any transaction with Defendant, never mind a transaction in California that caused it

28   injury.  The only specific factual allegations in the Complaint relate to a single e-mail

MOTION TO DISMISS; MPA IN SUPPORT

1    and telephone call that were never pursued.  There is no allegation that Defendant had

2    any other interactions with Plaintiff in California.  There also is no allegation that

3    Defendant's e-mail and subsequent phone call had any harmful effects on Plaintiff at

4    all, much less in California, or that there was any reason for Defendant to know that

5    its e-mail or phone call would likely cause harm in California.  As "mere injury to a

6    forum resident" is insufficient to confer specific jurisdiction, it is unquestionable that

7    Plaintiff cannot establish specific jurisdiction absent any injury at all.

8         Courts routinely hold that such limited contacts are insufficient to establish

9    specific jurisdiction.  *See Coast Equities, LLC v. Right Buy Props., LLC*, 701 F. App'x

10   611, 613 (9th Cir. 2017) ("[t]he contract negotiations occurred only by phone and e-

11   mail, and we have held that '[t]he making of telephone calls and the sending of letters

12   to the forum state [is] legally insufficient to enable the court to exercise [specific]

13   personal jurisdiction over the non-resident defendant.'") (quoting *Peterson v.*

14   *Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)); *Saloff v. Giampapa*, 2015 WL

15   13273305, *4 (C.D. Cal. July 22, 2015) (no specific jurisdiction where "all of the

16   parties' pre-contract communications occurred via telephone, mail, or email [when

17   Plaintiff was in California]"); *Navigators Specialty Ins. Co. v. Kapiolani Residential,*

18   *LLC*, 2018 WL 1426608, *7 (N.D. Cal. Mar. 22, 2018) ("the Ninth Circuit has

19   'concluded that ordinarily use of the mails, telephone, or other international

20   communications simply do not qualify as purposeful activity'") (quoting *Roth v.*

21   *Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991)); *see also Fumoto Giken Co. v.*

22   *Mistuoka*, 2015 WL 12766167, *2-4 (C.D. Cal. Apr. 16, 2015) (no specific

23   jurisdiction where defendant did not have any licensees, sales representatives, or

24   vendors in California and was only authorized to do business in Canada).

25        As to the second prong, Plaintiff has not met its burden to show that

26   Defendant's contacts with California "give rise to" Plaintiff's claims.  *W.H.P.M., Inc.*

27   *v. Immunostics, Inc.*, 2016 WL 11002548, *4 (C.D. Cal. Oct. 4, 2016).  The relevant

28   inquiry is whether Plaintiff's injury would have occurred "but for" the Defendant's

contacts with the forum. *Mavrix Photo, Inc. v. Moguldom Media Grp. LLC*, 2011 WL 1134187, *5 (C.D. Cal. Mar. 28, 2011); *Am. Nat'l Red Cross*, 112 F.3d at 1051-52. Here, Defendant's simple act of contacting Plaintiff in California—which did not result in any agreement or injury—is not actionable for the reasons discussed above. Plaintiff's claims simply do not "arise out of or result from" Defendant's contacts with the forum. *Mavrix*, 2011 WL 1134187, at *5; *accord Love*, 611 F.3d at 601 ("[Defendant] did contact people in California regarding the promotion that would eventually lead to this law suit.  However, those discussions did not enable or contribute to the promotion activities that actually gave rise to the law suit."); *W.H.P.M., Inc.*, 2016 WL 11002548, at *4 ("[p]laintiff has failed to show that its claims arise from Defendant's contact with the state such that the exercise of specific jurisdiction would be appropriate"; "[t]hough Defendant allegedly contracted with a California corporation, there is no indication that its subsequent activity on that contract had anything to do with the state of California").

Although the Court need not consider the third prong of the specific jurisdiction analysis because Plaintiff has not satisfied *either* of the first two prongs—let alone both of them—it would be unreasonable for this Court to exercise jurisdiction over Defendant.

In evaluating whether the exercise of jurisdiction over a party comports with traditional notions of fair play and substantial justice, the Ninth Circuit considers a variety of factors, including:

> 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

14

1    *Roth*, 942 F.2d at 623.  The jurisdictional barrier is "higher" for foreign defendants.

2    *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

3        Defendant's alleged "purposeful injection" into the forum—an e-mail and a

4    follow-up conversation that Plaintiff requested—is virtually non-existent.  *In re*

5    *Dynamic Random Access Memory (Dram)*, 2005 WL 2988715, *9 (N.D. Cal. Nov. 7,

6    2005); *see also Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 852 (9th

7    Cir. 1993) (stating purposeful interjection factor "parallels" minimum contacts

8    analysis).  For the same reason, the forum state's interest in adjudicating the dispute is

9    minimal.  *S.H. Silver Co. Inc. v. David Morris Int'l*, 2008 WL 4058364, *6 (N.D. Cal.

10   Aug. 28, 2008) ("While mindful that California has a strong interest in providing a

11   forum to its injured citizens, 'that interest must give way' where the defendant is a

12   foreign-based corporation that lacks connections to California and whose purposeful

13   interjection into the forum state has been very limited.") (quoting *Core-Vent Corp. v.*

14   *Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993)).

15       In contrast, it would be burdensome and unfair to drag Defendant, a foreign

16   entity with operations in Canada, into court in California based on such minimal

17   contacts.  Any documents maintained by Defendant or any potential employee

18   witnesses would be in Canada, not California (D'Souza Decl. ¶ 4).  *See Amoco*, 1 F.3d

19   at 852 (stating that the burden is "considerable" where defendant is based

20   internationally, maintains no offices or agents in the U.S., and potential witnesses and

21   evidence are located outside the forum).

22       Accordingly, the facts here do not support this Court's exercise of personal

23   jurisdiction over Defendant.

24                          **CONCLUSION**

25       For the foregoing reasons, Defendant respectfully requests that the Court

26   dismiss Plaintiff's Complaint in its entirety, with prejudice.

27

28

1
2
Dated:   January 18, 2019

Respectfully submitted,

3
4
5
6
7
By: /s/ Laura A. Stoll
LAURA A. STOLL
*lstoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

8
Attorneys for Defendant CLEAR
FINANCE TECHNOLOGY CORP.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on January 18, 2019. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 18, 2019 in Los Angeles, California.

*/s/ Laura A. Stoll*

Laura A. Stoll

17