Shane M. Popp (State Bar No. 219668)
**The Law Office of Shane M. Popp**
3460 Barry Avenue
Los Angeles, California 90066
Telephone: (310) 930-6051
Facsimile: (310) 861-1780
E-mail:    shane_popp@hotmail.com


Attorney for Plaintiff(s) Stillwater Design, Inc.
     and others similarly situated


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| STILLWATER DESIGN, INC. a California corporation, on behalf of itself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CLEAR FINANCE TECHNOLOGY CORPORATION, a Canadian corporation, and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. 2:19-cv-00251 CJC (PJWx) <br><br> **PLAINTIFF STILLWATER DESIGN, INC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> Date:    March 18, 2019 <br> Time:    1:30 p.m. <br> **Courtroom: 7C** <br> Judge:   Hon. Cormac J. Carney <br><br> Filed Concurrently with: <br> (i)  Memorandum of Points and Authorities <br> (ii) Declaration of Lisa Izad Popp |

        PLAINTIFF, Stillwater Design, Inc., respectfully submits this opposition to Defendant's

Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) and

12(b)(2).  The Plaintiff's Complaint states a claim upon which relief may be granted and also this

Court has jurisdiction over the Defendant.  Accordingly, Defendant's motion should be **DENIED**.

1

## TABLE OF CONTENTS                                            Page

I.     BACKGROUND / SUMMARY OF DEFENDANTS POSITION…………………..............2

II.    PLAINTIFF'S CLAIMS ARE SUFFICIENTLY STATED………………………………2

III.   STANDING TO SUE………………………………………………….……………….…3

       (A) THE PLAINTIFF HAS STANDING…………………………………………………3

       (B)  STANDING AND THE PROPOSED SUBCLASSES……………………………....6

IV.    THIS COURT HAS PERSONAL JURISDICTION……………………………………….8

       (A)  SPECIFIC JURISDICTION…………………………………………………………8

              (i) PURPOSEFUL AVAILMENT……………………………………………………8

                     (a) INTENTIONAL ACTION……………………………………………9

                     (b) AIMED AT THE FORUM STATE……………………………………9

                     (c) CAUSING HARM THAT DEFENDANT SHOULD HAVE
                     ANTICIPATED WOULD BE SUFFERED IN THE FORUM STATE……9

                     (d) SUMMARY………………………………………………………9

              (ii) CLAIMS ARISING OUT OF THE DEFENDANTS FORUM RELATED
              ACTIVITIES………………………………………………………………………9

              (iii) THE EXERCISE OF JURISDICTION IS REASONABLE…………………10

                     (a) EXTENT OF DEFENDANTS PURPOSEFUL INJECTION…………10

                     (b) DEFENDANTS BURDEN FROM LITIGATING IN FORUM………10

                     (c) EXTENT OF CONFLICT WITH THE SOVEREIGNTY OF
                     DEFENDANTS STATE……………………………………………10

                     (d) FORUM STATE'S INTEREST IN ADJUDICATING………………..11

                     (e) EFFICIENT JUDICIAL RESOLUTION……………………………....11

                     (f) IMPORTANTCE OF FORUM STATE TO PLAINTIFF INTERST….11

                     (g) EXISTENCE OF ALTERNATIVE FORUM…………………………12

                     (h) BALANCING THE SEVEN FACTORS……………………………...12

       (B)  SUMMARY…………………………………………………………………………12

V.     CONCLUSION……………………………………………………………...12

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## CASES

**Federal Cases**

*Aquilar v. Boulder Brands, Inc.*
    F.Supp.2d. (2013), not reported ........................................................................... 7

*Am. Timber & Trading Co. v. First Nat. Nank of Oregon*
    690 F.2d 781 (9th Cir. 1982) ............................................................................ 7

*Bell Atlantic v. Twombly*
    550 U.S. 544 (2007) ........................................................................................ 2

*Brown v. Hain Celestial Grp., Inc..*
    913 F.Supp.2d 881 (N.D. Cal. 2012) ........................................................... 4, 7

*Calder v. Jones*
    465 U.S. 783 (1984) ........................................................................................ 8

*Cardenas v. NBYT, Inc.*
    870 F.Supp.2d 984 (E.D. Cal. 2012) .............................................................. 7

*Core-Vent Corp. v. Nobel Indus. AB*
    11 F.3d. 1482 (9th Cir. 1993) ......................................................................... 8

*Cubbage v. Merchant*
    744 F.2d 665, 671-672 (9th Cir. 1984) ........................................................ 11

*Danvers Motor Co. v. Ford Motor Co.*
    432 F.3d 286 (3rd Cir. 2005) .......................................................................... 2

*Forcellati v. Hyland's, Inc.*
    876 F. Supp.2d. 1155 (C.D. Cal. 2012) .......................................................... 7

*International Shoe Co. v. Washington*
    326 U.S. 310, 316 (1945) .............................................................................. 12

*Mlejnecky v. Olypus Imaging Am., Inc.*
    2011 WL 1497096 (E.D. Cal. 2011) ............................................................... 4

*Roth v. Garcia Marquez*
    942 F.2d 617, 617 (9th Cir. 1991) ............................................................. 9, 10

*Shimono v. Harbor Freight Tools USA, Inc.*
    2016 WL 6238483 (C.D. Cal. 2016) ............................................................... 4

*Terracom v. Valley Nat. Bank*
    49 F.3d 555 (9th Cir. 1995) ........................................................... 8, 9

*World-Wide Volkswagon Corp. v. Woodson*
    444 U.S. 286, 292 (1980) .............................................................. 12

*Zambrano v. CarMax Auto Superstores, LLC*
    F. Supp3d (2014) not reported ....................................................... 5

*Ziegler v. Indian River County*
    64 F.3d 470 (9th Cir. 1995).......................................................... 8, 10


**California Cases**

*Aron v. U-Haul Co. of California*
    (2007) 143 Cal.App.4th 796 ......................................................... 2

*Brack v. Omni Loan Company Ltd.*
    (2008) 164 Cal. App.4th 1312, 1326 ........................................... 11

*Cel-Tec Communicatons, Inc. v. Los Angeles Cellular Telephone Co.*
    (1999) 20 Cal4th 163.................................................................... 2

*De La Torre v. Cashcall, Inc.*
    (2018) 5 Cal.5th 966..................................................................... 2

*Kasky v. Nike, Inc.*
    (2002) 27 Cal.4th 939................................................................... 4

*Klein v. Chevron U.S.A, Inc.*
    (2012) 202 Cal.App4th 1342 ........................................................ 4

*Kwikset Corp. v. Superior Court*
    (2011) 51 Cal.4th 310................................................................ 3, 5

*Meyer v. Sprint Spectrum L.P.*
    (2009) 45 Cal.4th 634............................................................... 4, 5

*Veera v. Banana Republic, LLC*
    (2016) 6 Cal.App.5th 907.............................................................. 5


**CALIFORNIA STATUTES**

Bus. and Prof. Code §17200, *et. seq.* ........................................... 2, 3

Cal. Fin. Code § 22000, *et. seq.* .......................................... 2, 6, 7, 9

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

Cal. Civ. Code § 1750 – 1784, *et. seq.* ........................................................................... 2, 3

Cal. Const. Art. XV, Sec. 1. ............................................................................................. 2

Cal. Code Civ. P. § 410.10 ............................................................................................... 8


**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................................. 7

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Background / Summary of Defendant's Position.

The crux of the Defendant's argument is twofold.  First, Plaintiff has failed to allege any cause of action pled in the Complaint due to a lack of standing.  Second, this Court does not possess jurisdiction over the Defendant.  Plaintiff disagrees with the Defendant's position for the following reasons.

### II.      The Plaintiff's Claims Are Sufficiently Stated.

It is well settled that the California Unfair Competition Law ("UCL"), *Bus. & Prof. Code* §17200, *et. seq.* "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal4th 163, 180.* "So the fact that section 22302 ***does not provide for a private cause of action is immaterial*** since "it is in enacting the UCL itself, and not by virtue of particular predicate statutes, that the Legislature has conferred upon private plaintiff's 'specific power' [citation] to prosecute unfair competition claims." *De La Torre v. Cashcall, Inc.*, 5 Cal.5th 966, 980.  (***Emphasis added***).

In the instant case, the Complaint properly pleads four (4) causes of action.  First, violations of the California Financial Code §22000, *et. seq.*; second, violations of the California Consumers Legal Remedies Act ("CLRA") Cal. Civ. Code §1750-1784, *et. seq.*; third, violations of the California Usury Laws, Cal. Const. Art. XV, Sec. 1.; and violations of the UCL, *Bus. and Prof. Code* §17200, *et. seq.*  As set forth above, *at a minimum*, the UCL borrows violations and treats them as independently actionable.  Specifically, Plaintiff notes the following section(s):

> (i)      Cal. Fin. Code §22161 states, "No person subject to this division shall do any of the following: (b) ***Advertise***, print, display, publish, distribute, or ***broadcast***, or ***cause or permit to be advertised, printed, displayed, published, distributed, or broadcast in any manner, any statement or representation with regard to the business subject to the provisions of this division, including the rates, terms, or conditions for making or negotiating loans, that is false, misleading, or deceptive, or that omits material information that is necessary to make the statements not***

*false, misleading, or deceptive*, or in the case of a licensee, that refers to the supervision of the business by the state or any department or official of the state; and (d) ***Engage in any act in violation*** of Section 17200 of the Business and Professional Code." (***Emphasis added***).

(ii)     Cal. Civ. Code §1770 states, (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or ***services*** to any consumer are unlawful: (9) ***Advertising*** goods or ***services with intent not to sell them as advertised***. And, (14) ***Representing that a transaction confers or involves rights, remedies, or obligations*** that it does not have or involve, ***or that are prohibited by law***. (***Emphasis added***).

As stated in the Complaint, Plaintiff was "solicited" based on Defendant's purported interest in making an "investment" to Plaintiff.  Plaintiff actively engaged the Defendant to inquire about the "investment."  The Defendant then asked for important financial details about the Plaintiff and then materially changed the type of "investment" it was seeking (i.e. a high interest loan) and then stated that it was in a partnership with Shopify, which is a vendor used by the Plaintiff.  (*See*, Complaint ¶ 32 – 36).  Accordingly, from the clear reading of the statutes and the Complaint, as written, Plaintiff has stated a cause of action.  Specifically, *at a minimum*, the Defendant's unlawful solicitation of loans in this State, without proper licensure, triggers a violation Financial Code which the UCL borrows and makes independently actionable.

Based on the foregoing, Plaintiff is not required to plead specifics, "but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Defendant's position seeks to push the pleading requirement of the Plaintiff beyond the necessary scope.

## III.     Standing to Sue

### (A) The Plaintiff Has Standing

A private action for relief under the UCL and FAL may be maintained only if the person bringing the action "has suffered injury-in-fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204[1].  "To satisfy the narrower standing

_____

[1] In 2004, the UCL standing requirements were amended by Proposition 64. "[W]here once private suits (footnote continued)

requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury-in-fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset* at 322.  "Injury in fact" is "one of the three 'irreducible minimum' requirements for federal standing under Article III" and the "text of proposition 64 establishes expressly that in selecting this phrase the drafters and voters intended to incorporate the established federal meaning." *Id.* at 322.

"In turn, federal courts have reiterated that ***injury-in-fact is not a substantial or insurmountable hurdle***; as then Judge Alito put it: "Injury-in-fact is not Mount Everest." *Id.* at 324, quoting *Danvers Motor Co., Inc. v. Ford Motor Co.,* 432 F.3d 286, 294.  (***Emphasis added***).  "Rather, it suffices for federal standing purposes to 'allege[ ] some specific, "identifiable trifle" of injury.' *Id.* See also, *Aron v. U-Haul Co. of California*, 143 Cal.App.4th 796 [permitting a claim to proceed where "the allegations set forth a basis for a claim of actual economic injury].

Additionally, under *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634 (2009) and its progeny[2] "the California Supreme Court made clear that that the CLRA's "any damage" requirement is a capacious one that includes any pecuniary damage as well as ***opportunity costs***[3] and transactions costs that result when a consumer is mislead by deceptive marketing practices." *Hinojos v. Kohl's Corporation*, 718 F.3d 1098, 1108 (2013).  (***Emphasis added***).  In addition, "we may infer from the text of Proposition 64 that the quantum of lost money or property necessary to show standing is only so much as would suffice to establish injury-in-fact; if more were needed, the drafters could and would have so specified." *Kwikset* at 324.

Based on the causes of actions pled in the Complaint, Plaintiff has standing[4].  Plaintiff has alleged injury based on Defendant's conduct (*See*, Complaint at ¶47 & ¶49).  Furthermore,

---

could be brought by 'any person acting for the interests of itself, its members or the general public,' now private standing is limited to any 'person who has suffered injury in fact and has lost money or property' as a result of unfair competition." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 320 (2011).

[2] *See*, *Klein v. Chevron U.S.A., Inc.*, 202 Cal.App.4th 1342 (2012); *Mlejnecky v. Olypus Imaging Am. Inc.*, 2011 WL 1497096, at *4 (E.D. Cal. 2011); and *Shimono v. Harbor Freight Tools USA, Inc.*, 2016 WL 6238483 (C.D. Cal. 2016).

[3] An opportunity cost is "'the benefit forgone by employing a resource in a way that' prevents it from being put to another use." *Meyer* at fn. 1.

[4] It should be noted that Plaintiff disagrees with Defendant's blanket assertion that a Plaintiff must have standing in every cause of action pled in a class action context.  Specifically, Plaintiff notes this issue (footnote continued)

Plaintiff has lost money based on its *lost opportunity costs* from its interactions with the Defendant.  Based on the Declaration of Plaintiff's Creative Director, a "nontrivial" amount of time was spent performing research on the Defendant and performing due diligence on the Defendant based on the reliance that Defendant would make an "investment" in the Plaintiff. (*See*, Declaration of Lisa Izad Popp at ¶9 - ¶11).  Specifically, it can be shown that Plaintiff lost approximately 2.0 hours of time that could have been used to further the Plaintiff's business objectives.  Rather, the time was used in an attempt to determine whether the statements made by the Defendant were in fact true and whether the "investment" proposed by the Defendant was legitimate.

Based on the foregoing, Plaintiff can <u>*reasonably*</u> show that it has (i) lost money, in the form of lost opportunity costs[5], and (ii) as a result of the misrepresentations of the Defendant[6].

Leaving aside the fact that Plaintiff has established standing sufficient to overcome the Defendant's Motion to Dismiss.  Plaintiff is compelled to discuss Defendant's arguments to better clarify the Complaint.  First, the Defendant's position is that in order to establish standing under the Complaint, the Plaintiff **must** have entered into an agreement with the Defendant for an alleged "investment" / "loan".  (*See*, Def. Motion to Dismiss, pg. 7, lines(s) 5-8).  This position is not reasonable and would thwart the purposes behind the UCL[7] and the Financial Code[8].  The law

---

should properly be determined under FRCP 23 in the context of class certification.  *See*, *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012).  Where "there are <u>**substantial similarities in the accused products**</u> and whether there are <u>**similar misrepresentations across product lines**</u> such that Plaintiffs' injury is sufficiently similar to that suffered by class members who purchased other products." *Id.* at 891.  A further discussion relating to the properly pled subclasses is set forth, *infra*.  (<u>***Emphasis added***</u>).

[5] It should be noted that injury-in-fact based on lost opportunity costs, is not a case of first impression. Several courts have been confronted with the issue, however, the cases turned on other issues.  See, *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634 (2009); *Veera v. Banana Republic, LLC*, 6 Cal.App.5th 907 (2016); and *Zambrano v. CarMax Auto Superstores, LLC*, F. Supp.3d. (2014) not reported.

[6] "Neither the text of Proposition 64 nor the ballot arguments in support of it <u>***purport to define or limit***</u> the concept of "lost money or property," <u>***nor can or need we supply an exhaustive list of the ways in which unfair competition may cause economic harm.***</u>  It suffices to say that, in sharp contrast to the state of the law before passage of Proposition 64, a private plaintiff filing suit now must establish that he or she has personally suffered such harm.  *Kwikset* at 323.  (<u>***Emphasis added***</u>).

[7] "The UCL's purpose is to <u>***protect both consumers***</u> and competitors by promoting fair competition in <u>***commercial markets for goods and services***</u>." *Kasky v. Nike, Inc.*, 27 Cal. 4th. 939 (2002).  (<u>***Emphasis added***</u>).

prohibits unlicensed solicitation and offer(s) for loans in this State.  Cal. Fin. Code §22161.  It is clearly alleged that both an unlawful solicitation and offer to sell took place.  (*See*, Complaint at ¶32 and ¶33).   Accordingly, it is enough for purposes of the Complaint that the Plaintiff and proposed class members were solicited and/or offered a loan by an unlicensed loan broker or lender.

The Defendant's position is too extreme.  In fact, under the Defendant's position, where a loan **_must_** have been entered into, there would be no reason to include the additional language in the Cal. Fin. Code relating to activities that do not require an actual transaction, since it could never be independently actionable.  Furthermore, the Defendant's view of the interaction with the Plaintiff is very telling.  The Defendant believes that the only interaction the Plaintiff had with the Defendant was a "single e-mail that Defendant sent to Plaintiff expressing an interest in Plaintiff's business and one telephone call to discuss a proposed investment that never occurred."  (*See*, Def. Motion to Dismiss, pg. 7, lines(s) 2-5).  The Defendant's focus seems to be on the length of the interaction and not the content.  As an initial matter, none of the causes of action pled require any specific length of interaction with the parties.  Rather, the Complaint is focused on the *content* of the interaction.  In addition, even though the interaction may have been short (and this is only because the true nature of the Defendant's proposed transaction was revealed) the Plaintiff has still shown a sufficient amount of economic damage to justify standing.

### (B) Standing and the Proposed Subclasses

---

[8] "(a)  This division **_shall be liberally construed and applied_** to promote its underlying purposes and policies, which are:

(1)  To ensure an adequate supply of credit to borrowers in this state.

(2)  To simplify, clarify, and modernize the law governing loans made by finance lenders.

(3)  **_To foster competition among finance lenders_**.

(4)  **_To protect borrowers against unfair practices by some lenders_**, having due regard for the interests of legitimate and scrupulous lenders.

(5)  **_To permit and encourage the development of fair and economically sound lending practices._**

(6)  To encourage and foster a sound economic climate in this state."

Cal. Fin. Code §22001.  (**_Emphasis added_**).

As previously noted, Plaintiff disagrees with Defendant's blanket assertion that a Plaintiff must have standing in every cause of action pled in a class action context.  In this specific case, the focus is on the _content_ of the product(s) or service(s) and the proposed class and subclass members each possess different characteristics which may allow relief from different statutes.  "The district court has broad discretion to create subclasses as needed to manage a complex class action."  *Am. Timber & Trading Co. v. First Nat. Bank of Oregon*, 690 F.2d 781, 786-87 (9th Cir. 1982).  Moreover, under the facts specific to this case, several courts have held that the issue is a matter of FRCP 23's typicality and adequacy requirements.  *See, Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012).  "In a class action, standing is satisfied if at least one named plaintiff meets the requirements.  *Id.* at 889.  "There is no controlling authority on whether Plaintiffs have standing for products they did not purchase." *Id.*  "The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase ***so long as the products and alleged misrepresentations are substantially similar***.  *Id.*  (***Emphasis added***).  In *Brown*, the Plaintiff's argued that the court should address the standing argument in the context of a motion for class certification under FRCP 23 because they allege uniform misrepresentations across product lines.  The court agreed stating, "this court finds the approach in *Dreyer's, Jamba Juice,* and *Stephenson* to be persuasive and considers whether there are substantial similarities in the accused products and whether there are similar misrepresentations across product lines such that Plaintiffs' injury is sufficiently similar to that suffered by class members who purchased other accused products." *Id.* at 891.  Similar holdings in California district courts include *Aquilar v. Boulder Brands, Inc.*, F.Supp.2d (2013), *not reported*; *Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155 (2012); and *Cardenas v. NBYT, Inc.* 870 F.Supp.2d 984 (2012).

The instant case is directly analogous to the *Brown* line of cases.  First, all of Plaintiff's allegations involving the unlicensed solicitation and offering of loans in this State are identical to every category of Plaintiff.  *See*, Complaint ¶24 - ¶29.  However, each proposed Class member may possess characteristics that would allow for different types of relief.  For example, many Uber driver's will likely fall into the category of individual consumer's under the CLRA.  Conversely, many Airbnb proprietors may also fall in the category of individual consumers under the CLRA or may be corporate entities which would then potentially fall into the category of commercial loans. Likewise, virtually all of the eCommerce business (similar to Plaintiff) and POS Retail and Restaurant businesses will likely fall into the commercial loan subclass.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

However, every single instance of an unlawful solicitation and offer to sell loans will be identical in violation of the Cal. Fin. Code §22161 and independently actionable via the UCL.

Accordingly, the Plaintiff believes it is more proper for the court to address these issues at the class certification stage under FRCP 23 rather that at the current stage of the proceeding.

### IV.    This Court has Personal Jurisdiction

Contrary to the assertion from the Defendant, this Court possesses jurisdiction over the Defendant.  Based on the intentional conduct of the Defendant, Plaintiff can show that this Court has specific jurisdiction over the Defendant and that jurisdiction is reasonable.

### (A) Specific Jurisdiction

"It is the plaintiff's burden to establish jurisdiction." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (1995).  "To survive a jurisdictional challenge on a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdiction where, as here, the district court did not hear testimony or make findings of fact." *Id.*  "An exercise of specific "[j]urisdiction must comport with the state long-arm statute, and with the constitutional requirement of due process." *Id.* "California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause." *Id.* and see, Cal. Code Civ. P. § 410.10.  "Consequently, the question is whether exercising jurisdiction over defendants would offend due process." *Id.*

"In order to determine whether the exercise of specific jurisdiction comports with due process, we apply the following three part test: (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 560 (1995).

### (i)    Purposeful Availment

The Courts apply different purposeful availment tests to contract and tort cases.  "In tort cases…jurisdiction may attach of an out-of-forum defendant ***merely engages in conduct aimed at, and having effect in***, the situs state." *Ziegler* at 473. (***Emphasis added***).  "We hold that jurisdiction over petitioners in California is proper because of their intentional conduct in Florida calculated to cause injury to respondent in California." *Calder v. Jones*, 465 U.S. 783 (1984).

Under *Calder*, the three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that defendant should have anticipated would be suffered in the forum state." *Id.* at 474, citing *Core-Vent Corp. v. Nobel Indus. AB*, 11

F.3d 1482, 1486 (9th Cir. 1993) (Wallace C.J., *dissenting*).  "A lack of physical contact with the forum state does not preclude exercising jurisdiction."  *Id.*

### (a) Intentional Action

In the instant case, the first element of intentional action is clear and has been properly alleged by Plaintiff.  (*See*, Complaint at ¶7 and ¶23 - ¶29).  Moreover, in tort cases, "within the rubric of 'purposeful availment' the Court has allowed the exercise of jurisdiction over a defendant whose only 'contact' with the forum state is the 'purposeful direction' of a *foreign* act having *effect* in the forum state.  *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991).  "We have explained that "the purposeful availment analysis turns upon whether the defendant's contacts are attributable to **'*actions by the defendant himself,*'** or conversely to the unilateral activity of another party."  *Id.*  (**_Emphasis added_**).

In this case, it is clear on its face and properly alleged that the defendant's sole actions were directed to the forum state to have an effect within the forum state.

### (b) Aimed at the Forum State

Additionally, the second element that the defendant's conduct is aimed at the forum state is also met with ease.  (*See*, Complaint at ¶32 - ¶36).  Moreover, the Declaration of Andrew D'Souza shows that Defendant is aiming activities in California.  (*See*, D'Souza Dec. at No. 5).

### (c) Causing Harm that Defendant Should have Anticipated would be Suffered in the Forum State

Similar to the first two elements of the purposeful availment analysis.  This element is easily met.  Simply stated, by circumventing the regulatory requirements under the Ca. Fin. Code, the Defendant knew or should have known that the Defendant would cause harm in the forum state.  This, in fact, is the underlying purpose of the instant lawsuit.  (*See*, *inter alia*, Complaint at ¶37 - ¶43).

### (d) Summary

Based on the foregoing, Plaintiff has shown and properly pled that the Defendant has purposefully availed itself to the forum state of California.

### (ii) Claims Arise Out of the Defendant's forum-related activities

"The second prong of the specific jurisdiction test is met if "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen."  *Terracom* at 561.  This element is easily met, and the conclusion is inescapable.  As properly alleged in the

9

Complaint all of the claims arise out of the unlawful solicitation of consumer and commercial loans in California without proper licensure.  (*See*, Complaint at ¶22 - ¶25 and ¶32 - ¶36).

Accordingly, it can be easily shown that is has been properly alleged that the claims of the instant action arise out of the Defendants activities related to California.

### (iii)    The Exercise of Jurisdiction must be Reasonable.

"In evaluating reasonableness, we examine: (1) the extent of the defendant's purposeful injection into the forum; (2) the defendant's burdens from litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  All seven factors must be weighed. None is dispositive." *Zeigler* at 475.

### (a)    Extent of Defendant's Purposeful Injection into the Forum

"In light of the first prong of purposeful availment, analysis of this first factor in the third prong would be redundant." *Roth* at 623.  Plaintiff has showed, *supra*, that the Defendant has purposefully availed himself to the forum state with intentional conduct directed to have an effect in California.  "Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable.*" *Id.* at 625.

Accordingly, the Plaintiff believes this factor tilts in the Plaintiff's favor.

### (b)    Defendant's Burden in Litigating in the Forum

The Plaintiff's position is that this factor is neutral and thus should not be tilted in either Parties favor.  The Defendant maintains a mailing address in California (purportedly for the benefit of showing that the Defendant has contacts in California).  (*See*, D'Souza Dec. at No. 5). In addition, the Defendant has stated that the "putative class size is in excess of 100." (*See*, Notice of Removal, Pg. 4, lines 7-8.).

Accordingly, the Plaintiff argues that it would not be so unreasonable for the Defendant to be brought into California Courts given the amount of business it transacts in this State.  "[u]nless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Id.* at 623.

Accordingly, the Plaintiff believes this factor is neutral to both Parties.

### (c)    The Extent of Conflict with the Sovereignty of Defendant's State

Plaintiff's position is that there is no conflict with the Sovereignty of the Defendant's

---

10

State.  In this instance, Defendant is a corporation under the laws of Canada (*See*, Complaint at ¶3).  Moreover, all of the causes of action pled are violations of California law.  As previously discussed, it is not unreasonable for the Defendant to resolve disputes in California, since it has purposefully injected itself into the forum.  Finally, from a subject matter point-of-view, the Defendant has already shown that there is no conflict with Canada.  (*See*, Notice of Removal, Pg. 2, lines 19-28, and Page 3, lines 1-8).

Since there is not any reasonable conflict, Plaintiff argues this favor is tilted for the Plaintiff.

### (d) <u>The Forum State's Interest in Adjudicating the Dispute</u>

This factor clearly tilts in the Plaintiff's favor.  "Our conclusion that the provisions of the Finance Lenders Law are fundamental, unwaivable and integrated is buttressed by considering the licensing requirements of the law and the role licensing plays in enforcing the substantive provisions of the law." *Brack v. Omni Loan Company, Ltd.*, 164 Cal.App.4th 1312, 1326 (2008). "There would be little, if any, utility in establishing this thorough licensing scheme and giving the commissioner power over licensees, if the licensing requirements of the law and the power of the department could be waived by simple agreement between lender and borrower." *Id.* at 1327. "When the ***statutory scheme is reviewed as a whole***, it is clear it ***represents a fundamental policy of this state***." *Id.* at 1328. (***Emphasis added***).

Thus, the Court's have held that California has a fundamental interest in adjudicating disputes such as this.  Accordingly, the Plaintiff argues this factor is tilted in the Plaintiff's favor.

### (e) <u>Most Efficient Judicial Resolution of the Controversy</u>

Plaintiff notes the Defendant removed the case to this Court.  Plaintiff originally brought the case in the California Superior Court.  Per the Notice of Removal, Defendant effectively conceded that this Court possesses the most efficient judicial resolution of the controversy.  (See, Notice of Removal at ¶5).  "The court sitting in the place the injury occurred is ordinarily the most efficient forum, where that court is most competent at interpreting the applicable law." *Cubbage v. Merchant*, 744 F.2d 665, 671-672 (9th Cir. 1984).

Accordingly, Plaintiff's position is that this factor is neutral for both Parties.

### (f) <u>The Importance of the Forum State to the Plaintiff's Interest</u>

Plaintiff is a California corporation, registered to do business within the State of California. (*See*, Complaint at ¶1 and ¶2).  "California courts are more accessible to him, and California has an interest in protecting its citizens." *Id.* at 672., *citing*, *World-Wide Volkswagen Corp. v.*

*Woodson,* 444 U.S. 286, 292 (1980).

Thus, Plaintiff's position is that this factor tilts in favor of the Plaintiff.

### (g) The Existence of an Alternative Forum

In view of the causes of action pled and the strong interest California has in adjudicating the suit.  Plaintiff does not believe an alternative forum exists.

### (h) Balancing the Seven (7) Factors

Plaintiff has shown that on balance it is not unreasonable for this Court to find that personal jurisdiction exists.  Five (5) of the seven (7) factors clearly tilt in favor of the Plaintiff.  Two (2) of the five (5) factors are heavily weighted for the Plaintiff.  Specifically, the Defendant's purposeful injection into the forum state, while not being properly licensed to solicit loans, by itself, shows that jurisdiction is *presumptively reasonable*.  Also, California's strong public policy interest in regulating lenders that operate in this State presents a compelling argument that jurisdiction is reasonable.

### (B) Summary

Based on the foregoing, Plaintiff has shown that the exercise of personal jurisdiction over the Defendant in the present action is reasonable and "does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  This conclusion is based on the Defendant's purposeful injection into the forum and the effects that it has caused buttressed against California strong public policy in regulating financial lenders in this State.

### V.   CONCLUSION.

For the reasons stated above, Defendant's motion to dismiss the Complaint should be **DENIED**.

1  DATED: February 22, 2019            **The Law Office of Shane M. Popp**

2

3                                      By:         /shanempopp/

4                                      _____
                                                    Shane M. Popp. Esq.

5                                      Attorneys for Plaintiff, Stillwater Design, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on <u>February 22, 2019</u>.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on <u>February 22, 2019</u> in Los Angeles, California.

By:  <u>/shanempopp/</u>

Shane M. Popp

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT